UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES ROBERT REEVES, | ) | No. CV 13-5375 FFM |
| Plaintiff, | ) ) | MEMORANDUM DECISION AND ORDER |
| v. | ) ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for a period of disability and disability insurance benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the July 29, 2013 Case Management Order, on April 15, 2014, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the Joint Stipulation and the administrative record, filed by defendant on February 7, 2014. For the reasons stated below, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

/ / /

/ / /

/ / /

/ / /

## PROCEDURAL HISTORY

On May 12, 2010, plaintiff filed applications for a period of disability and disability insurance benefits. The applications were denied. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). ALJ Judson Scott held a hearing on September 20, 2011. Plaintiff appeared with a representative and testified at the hearing. On October 28, 2011, the ALJ issued a decision denying benefits. Plaintiff sought review of the decision before the Social Security Administration Appeals Council. The Council denied the request for review on May 28, 2013.

Plaintiff filed the complaint herein on July 25, 2013.

## ISSUES

Plaintiff raises three issues:

1. Whether the ALJ properly found the work of a maintenance superintendent as past relevant work;
2. Whether the ALJ properly found the presence of transferable work skills; and
3. Whether the ALJ properly considered plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is

susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

### A. Issues One and Two.

#### (i) Whether Maintenance Superintendent Qualifies as PRW.

Issues One and Two both relate to whether plaintiff should be considered to have acquired the skills associated with working as a maintenance superintendent. The ALJ relied on plaintiff having acquired such skills in finding both that plaintiff could perform his past relevant work ("PRW") and that plaintiff had transferable skills that were necessary to perform other work identified by the Vocational Expert ("VE").

At step four of the sequential evaluation process, a claimant must establish that his severe impairment or impairments prevent him from performing his PRW. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Although the burden of proof lies with the claimant (20 C.F.R. § 416.920(e)), the ALJ has a duty to make the requisite factual findings to support his conclusion (*Pinto*, 249 F.3d at 844-45).

The Social Security regulations define PRW as work the claimant has done within the past 15 years, that qualifies as substantial gainful employment, and *that lasted long enough for the claimant to learn to do it*. 20 C.F.R. §§ 404.1520(b)(1), 416.960(b)(1) (emphasis added). Here, the question is whether plaintiff had obtained sufficient experience as a maintenance superintendent to have acquired the skills associated with that position. Specific vocational preparation time, usually abbreviated to "SVP," refers to the amount of lapsed time required by a typical worker to learn the techniques, require the information, and develop the facility needed for average performance in a specific job. DOT, Appendix C - Components of the Definition Trailer, 1991 WL 688702 (G.P.O.) (1991). Social Security Ruling 00-4p explains the concept as follows:

///

///

>A skill is knowledge of a work activity that requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation that is above the unskilled level (requires more than 30 days to learn). (*See* SSR 82-41.) Skills are acquired in PRW and may also be learned in recent education that provides for direct entry into skilled work.
>
>The DOT lists a specific vocational preparation (SVP) time for each described occupation. Using the skill level definitions in 20 CFR 404.1568 and 416.968 . . . skilled work corresponds to an SVP of 5-9 in the DOT.
>
>Although there may be a reason for classifying an occupation's skill level differently than in the DOT, the regulatory definitions of skill levels are controlling. For example, VE or VS evidence may not be relied upon to establish that unskilled work involves complex duties that take many months to learn, because that is inconsistent with the regulatory definition of unskilled work. See 20 CFR 404.1568 and 416.968.

The job of maintenance superintendent has an SVP of 8. By definition, the experience level of SVP 8 is "[o]ver 4 years up to and including 10 years." DOT, Appendix C - Components of the Definition Trailer. Because plaintiff only held the job for 13 months it is not clear that plaintiff held the job long enough for it to qualify as PRW. The Commissioner argues that the time required to learn a job is specified as the time required for a *typical* worker to learn the job and that plaintiff might not be typical. This argument fails because the record contains no evidence that plaintiff had any special skills or ability that made the over 4 years up to and including 10 years definition inapplicable to him. Therefore, the record does not support the ALJ's conclusion that maintenance superintendent qualifies as PRW.

### (ii) Whether Transferability of Skills Is Supported by the Record.

Because the maintenance superintendent does not qualify as PRW, it was erroneous for the VE to consider those skills in opining that plaintiff had the skills to perform the identified occupations.  On remand the ALJ should explore plaintiff's skill set and make findings on the skills plaintiff possesses and the skills necessary to perform other jobs identified by the VE.

### B. Issue Three.

Because remand is required with respect to Issues One and Two, the Court need not address Issue Three at this time.

### ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

IT IS SO ORDERED.

DATED: December 2, 2014

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

5